[No. 1986.   Decided December 21, 1895.]

JOHANNA C. MARTIN, *Appellant*, v. UNION MUTUAL IN-
SURANCE COMPANY, *Respondent*.

OPENING CASE FOR ADDITIONAL TESTIMONY — DISCRETION OF COURT — IN-
STRUCTIONS — ACTION ON INSURANCE POLICY — PROOF OF DEATH OF
INSURED.

The refusal of the trial court to open a case after a motion for non-
suit so that plaintiff may the next morning have the testimony of a
witness made a part of her affirmative evidence, does not show such
an abuse of the discretion lodged in it in such matters as to warrant
the interference of the appellate court, when it appears that plain-
tiff had full knowledge as to the nature of the testimony and rested
her case without any suggestion of the absence of such witness and
of efforts on her part to procure his attendance.

The giving of an instruction based upon an hypothesis which is
not parallel to the facts in the case is reversible error, where it may
have tended to mislead the jury, unless from the undisputed testi-
mony it is evident that no other verdict than the one returned
could rightfully have been rendered.

The death of the insured is not sufficiently shown in an action
upon the policy by proof that, while living happily with his family,
and standing well in the community, he had left home stating
he was going in a boat on a hunting trip; that he had not been
heard from for two years; and that an empty boat with certain
articles of personal property had been found a few days after
his disappearance in the neighborhood of the place to which he
stated he was going, there being no evidence that the articles so
found belonged to him, or that he hired a boat and went in the
direction of the place where the boat was found.

Appeal from Superior Court, Pierce County.—Hon.
W. H. PRITCHARD, Judge.    Affirmed.

*Palmer, Palmer & Thomas*, for appellant.

*Richard Saxe Jones*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to recover the

amount stipulated in a certain insurance policy issued by the defendant upon the life of the husband of the plaintiff. The payment of the claim was resisted upon two grounds, (1) that the husband of the plaintiff was not dead, and (2) that no proofs of his death had been furnished the company as required by the terms of the policy. The trial resulted in a verdict for the defendant, and from the judgment rendered thereon this appeal has been prosecuted.

After plaintiff had introduced her evidence and rested, the defendant interposed a motion for a nonsuit, after which the plaintiff moved the court to open the case so that she might the next morning have the testimony of her son made a part of her affirmative evidence. The court denied the motion, and upon its action in so doing is founded appellant's first allegation of error.

Applications of this kind are addressed to the sound discretion of the trial court, and its decision will not be interfered with in this court unless the circumstances clearly show an abuse of such discretion. If the application in this case had been made before plaintiff rested, and a showing made as to the reason why the son was not there and that he would in all probability be there on the morning of the next day, it would probably have been the duty of the court to have continued the trial so as to give the plaintiff an opportunity to put him upon the stand. But when the plaintiff, having full knowledge as to the nature of the testimony which it was expected to elicit from the absent witness, rested her case without any suggestion to the court as to the absence of such witness and the efforts which she had made to procure his attendance, and asked for relief only after the sufficiency of her testimony in chief to make out a *prima facie*

case had been challenged by the motion for a non-suit interposed by the defendant, the case is brought within the rule which allows the trial court discretion in determining when the regular course of trial shall be departed from, and its ruling upon such question will not be disturbed here.

The second allegation of error grows out of the refusal of the court to allow the witness Ronquest to testify as to facts connected with the disappearance of bodies in the waters of the Sound in front of Steilacoom. Whether or not this testimony would have been competent, if evidence had been introduced tending to show that the husband of the plaintiff had probably fallen into the Sound in that vicinity, we are not called upon to decide, for the reason that, as will be seen by what we shall say upon another point, there was no evidence tending to show such fact.

The third error is founded upon the action of the court in denying appellant's motion for a new trial. This motion, excepting so far as it raised questions of law which we have or shall discuss in this opinion, was addressed to the sound discretion of the court, and no reason is shown why we should control such discretion.

For reasons which will hereafter appear, we do not deem it necessary to decide as to the correctness of all the instructions to which exceptions were taken. We feel it our duty, however, to say that when the court in its instructions stated to the jury that—

"Of course you can see that if a man were shown to have disappeared from his home, that he has gone aboard of a ship, and it were afterwards proved that the ship had gone down in one of those disasters that occur at sea, such as the newspapers have recently given an account of, if it was shown that a man left home and was aboard of a ship of that kind and that

it was followed up by the proof that the ship went down and that he did not appear with any of the survivors who were saved from the ship, then after sufficient time you may find it enough under such circumstances to reach a conclusion that he died at that time,"—

it committed error for the reason that there was nothing in the evidence which warranted a reference to facts of the kind stated; for while it is true that the court stated that such facts were not at all parallel to the facts in this case, yet if what was said had any force with the jury, it had a tendency to belittle the facts proven by the plaintiff. If the facts stated were in no manner parallel to the case upon trial, no reference should have been made to them in the instructions, and the fact that they were referred to under such circumstances as might have tended to mislead the jury, would make the giving of such instruction such an error as will entitle the plaintiff to a reversal of the judgment, unless, from the undisputed testimony, it is evident that no other verdict than the one returned could have rightfully been rendered. It follows that for the error in giving this instruction, the judgment must be reversed, unless the contention of the defendant to the effect that if all the facts as to which there was any legal testimony are taken to be true, enough was not made to appear to sustain a finding by the jury that the husband of the plaintiff was dead.

This leads us to an investigation of the facts as to which there was such evidence. We have carefully examined all the proofs offered upon the part of the plaintiff, and find that upon the question of the death of her husband there was evidence tending to prove the following facts and those only: That plaintiff and her husband were living together in the city of Tacoma

on the 30th day of October, 1893; that their married life had been a happy one, unbroken by any important quarrels or differences; that they were in fair financial condition; that they had money in the bank and in the house, amounting in all to some $500; that the husband was an industrious man; that he had lately completed one job of work and had made arrangements to go to work upon another in the near future; that, in accordance with a custom of his so to do, in times of leisure, he, on the evening of the 29th day of October, announced his intention to go to the Nisqually river to hunt, and stated that for that purpose he would hire a boat; that he announced his intention to be gone two or three days, but told his wife not to worry, if he did not return quite so soon; that in pursuance of such announced intention, he left the house next morning between six and seven o'clock, equipped for a hunting trip; that he had since that date never returned to his home or been seen by his wife or daughter; that both his wife and daughter believed him to be dead; that thereafter certain articles shown to have been a part of those taken by him when he left home, were brought to the house and delivered to the wife.

There were, it is true, various other statements made by the witnesses introduced on the part of the plaintiff, but it clearly appeared from the evidence that statements which went to prove facts other than those which we have recited were purely hearsay. The only testimony not clearly hearsay having any tendency to prove any other fact was that of Miss Ronquest. She testified as to the fact of a boat having been found near Steilacoom in which were certain articles of personal property: that the boat was afterwards called for by a man by the name of Foss who

claimed to be its owner; but in the absence of any testimony tending to connect said boat or the articles in it with the husband of the plaintiff, this evidence had no tendency to prove his death.

Were the facts above recited sufficient to *prima facie* establish the fact of the death of the husband of the plaintiff? When analyzed and stripped of the detail in which they were put in evidence, they amounted to only this: That a person in good standing and repute in the community and friendly with his family had left home and for a period of two years not returned, and from such fact alone it could not be presumed that he was dead. If in addition to these facts it had been shown that he had hired a boat and left in the direction of Steilacoom and soon thereafter the same boat, with certain articles belonging to him, had been found in that vicinity, it might, when taken in connection with the other facts, have warranted the jury in finding that he was dead. But no competent evidence tending to prove these facts was introduced, and without these the facts proven were not sufficient to warrant the jury in so finding. Especially is this true in view of the fact that if a boat had been procured in accordance with the intention announced, it would have been easy to have introduced proof to show it, and if some of the property taken away by him had been found in the same boat near Steilacoom, that fact could also have been easily shown.

It follows that the error in instructing the jury was without prejudice to the rights of the plaintiff, for the reason that the defendant was entitled to a directed verdict in its favor.

The judgment will be affirmed.

DUNBAR, SCOTT, ANDERS and GORDON, JJ., concur.