[No. 2692. Decided December 11, 1897.]

Johanna C. Martin, *Respondent*, v. Sunset Tele-phone and Telegraph Company, *Appellant*.

SETTLEMENT OF STATEMENT OF FACTS — NOTICE — COMPUTATION OF TIME — FAILURE TO DELIVER TELEPHONE MESSAGE — DAMAGES — EVIDENCE — HEARSAY.

Under the statute requiring notice of application for settlement of a statement of facts to be served not less than three days before time of hearing, notice given on the 9th of the month of settlement, to be had on the 12th, satisfies the statutory requirement; and the fact that a Sunday intervenes makes no difference if the last day does not fall on Sunday, as it is only in such case that Sunday is excluded from the computation of time.

In an action for damages for failure to deliver a telephone message to a witness to be present at a pending trial, the testimony of an attorney in such former action as to the importance of such witness and that his presence and testimony would have produced a different result in such trial is inadmissible.

Testimony by a witness as to the contents of a letter written by one person to another and which he had seen is inadmissible on the ground of being hearsay evidence.

The failure of a telephone company to deliver a message for a witness summoned to testify in a pending action, and which was lost by reason as alleged of the absence of such witness, constitutes too remote a cause of damages to be actionable.

The toll paid for the delivery of a telephone message is recoverable in an action therefor, in case of the failure to deliver the message for several days after its receipt by the telephone company.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Reversed.

*Sullivan & Christian*, and *Crowley & Grosscup*, for appellant:

All the damages allowed by the jury, except for the price of the message, are too remote to be recovered against the defendant. Plaintiff is endeavoring to recover a judgment against the defendant in this case, not because she has failed to collect a judgment against the insurance company, but for the reason that she has failed to recover against the insurance company, and was defeated in both the superior and supreme courts. The jury in this case were permitted to find that if the testimony introduced in the case at bar had been introduced in the original case, that a jury in the case against the insurance company would have returned a verdict for plaintiff. There are many cases holding third parties liable for negligence where the plaintiff has previously recovered judgment against some other party, or has been put to damages by reason of delay in the prosecution of the suit, but none that we can find that hold the plaintiff is entitled to recover from a stranger for a failure to recover a verdict or judgment against some other party. No subsequent jury, nor any witness can determine what a jury would have done under a given state of facts. Such damages depend upon a contingency too remote, and are not a basis of recovery. *Chapman v. Western Union Tel. Co.*, 90 Ky. 265; *Western Union Tel. Co. v. Crall*, 39 Kan. 580; *Central Union Tel. Co. v. Swoveland*, 42 N. E. 1035; *Western Union Tel. Co. v. Hall*, 124 U. S. 444; *Western Union Tel. Co. v. Motley*, 87 Tex. 38; *Walser v. Western*

*Union Tel. Co.*, 114 N. C. 440; *Clay v. Western Union Tel. Co.*, 81 Ga. 285 (12 Am. St. Rep. 216); *Duncan v. Western Union Tel. Co.*, 87 Wis. 173; 1 Sutherland, Damages (1st ed.), p. 94.

*Palmer & Thomas* (*H. L. Smith*, of counsel), for respondent.

The opinion of the court was delivered by

DUNBAR, J.—Some time in the year 1895 the respondent in this action brought an action against the Union Mutual Life Insurance Company to recover the amount stipulated in a certain insurance policy issued by that company upon the life of her husband. One of the grounds upon which the claim was resisted was that the husband of the plaintiff was not dead. The trial resulted in a verdict for the defendant, and a judgment followed, which was afterwards affirmed by this court. During the progress of that case a telephone communication had been sent by the attorney for the plaintiff (respondent here) to her son in Seattle to come down at once and testify in the case. The message was not delivered by the telephone company (the appellant in this case). It was desirable, in the opinion of the attorneys for the plaintiff in that case, that the witness Martin, who was telephoned for, should testify in regard to the circumstances under which the deceased, his father, had left, as it was thought that he could connect deceased with a certain boat and articles in the boat which were afterwards found. This action is now brought by the said Johanna C. Martin, respondent, against the said Sunset Telephone and Telegraph Company to recover the sum of $1,250 damages, which the complaint alleges to have been the damages incurred by reason of the failure of the suit which we have just described, and for $1.25 paid for sending the message over the appellant's telephone lines from Seattle to Tacoma. The

verdict was rendered upon the trial of the cause for the
amount of $1,251.25. Judgment was entered in accordance
with the verdict and the defendant appeals. The respond-
ent interposed a motion to strike from the record in this
cause the purported statement of facts for the reason that
it was not settled according to law, the attempt to settle it
having been made in the absence of respondent and her at-
torneys, without proof being filed that no amendments had
been proposed, or any proof filed of the service and accept-
ance of amendments; and for the reason that the time
fixed in the notice of the intended application to the court
to settle and certify the statement of facts was too short,
and therefore illegal and void. The record shows that there
was no merit in the first proposition, and so far as the time
is concerned, the notice was given on the 9th day of July
for the 12th day of July, and under our statute (Code Proc.
§ 794, Bal. Code § 4790), which prescribes that the first
day shall be excluded and the last day included, we think
this was sufficient time, that that rule applies to notices of
this kind, and that no fractions of days are intended to be
taken into consideration. The further contention of re-
spondent that an intervening Sunday should be excluded
from the computation we think is also without merit.
The statute provides that if the last day falls on Sunday it
shall be excluded. There is no provision for excluding in-
tervening Sundays, and if it had been the intention of the
law to exclude intervening Sundays it would have been ex-
pressed, as was the intention to exclude Sundays when the
last day fell on Sunday. Nor do we think that the mo-
tion to strike from the record the notice of motion for a new
trial can be sustained, or the motion to strike from the
brief of appellant that part of the transcript which contains
a certified copy of the instructions.

On the merits it appears that in addition to the testimony of the witness Martin, whose testimony was desired in the trial against the insurance company, the attorney for the respondent in this case testified that he was present at the former trial and that they lost that case because they failed to have the witness Martin there to testify and thereby connect Jonas Martin, the deceased, with the things in the boat, and with the boat that was found at Steilacoom, in which Mr. Martin was known to have departed when he went on the fishing and hunting trip.

This, it seems to us, is a novel way of proving what the testimony in the other case was. If the same witnesses had been introduced in this case and had testified as they testified in the former case, and then the additional testimony of the witness Martin had been introduced, there might have been some reason urged why the jury in this case could determine whether the failure of the jury in the former case to find a verdict could be attributed to the lack of the testimony of the witness Martin. But certainly the jury in this case could not base its opinion of the weight of testimony in the former case upon the opinion of the attorney in the case who had heard the same; and even he testifies he was not at the trial all the time. In answer to the question, " Were you there during all of the trial?" the answer was, " I was there during most all of the trial."

" Q.—You do not know whether you heard all the principal testimony or not?

" A.—I heard most of what I think is the principal testimony.

\*      \*      \*      \*      \*      \*      \*      \*      \*

" Q.—Would you undertake to say that those same facts would take hold of those twelve men who acted as the jurors in that case the same as they did of your mind?

" A.—Perhaps so.

" Q.—Do you think—do you now undertake to tell this jury that what would convince you would convince the twelve men who sat in that case?

" A.—Perhaps not.

Thus it will be seen that the jury really had nothing before them upon which to base a just or legal conclusion, that if the testimony which was sought and not obtained from young Martin had been before the former jury, it would have found a verdict for the plaintiff in that case. The former jury saw the witnesses on the stand, saw their demeanor, and noticed whether they appeared interested or prejudiced in the case. The jury which tried this case had none of these advantages, but must base its judgment entirely upon the opinion of some one else who heard the case. We do not think that a practice of this kind is recognized by the law. The witness Martin was also, over the objections of the appellant, allowed to testify as to the contents of a certain letter which he had seen and which had been written by a Miss Renquist to his mother. This was the purest hearsay testimony. Certainly a witness would not have been allowed under any rule of law to have related what Miss Renquist said to him in relation to the circumstance related in the letter, and the fact that the relation was through the means of a letter instead of by word of mouth does not change the principle in any degree. But outside of these questions, no case has been presented to us by the respondent, nor have we been able to find any, which would sustain an action for damages so remote as the damages which are sought to be recovered here. This is an action against a third person who was not a party to the original action. No judgment has been obtained in this case. Not only has no judgment been obtained, but in the action in which she sought to obtain a judgment against the insurance company and upon which action she bases this claim

for damages, she was defeated. It is altogether a different case from the cases cited by respondent in the attachment cases and others where third parties have been held liable for negligence or where the plaintiff had previously recovered judgments against some other party or had been put to damages by reason of delays in the transaction of the suit, etc. Here one jury is asked to determine what another jury would have decided under a given state of facts, and where many other elements might have been influential in determining the former case.

In the report of this court of the case of *Martin v. Union Mutual Life Ins. Co.*, 13 Wash. 275 (43 Pac. 53), it appears that the appellant in that case might have made an application to the court for a continuance on the ground that the witness could not be obtained. But the plaintiff introduced no such evidence, and knowing of her inability to obtain this testimony, rested; and after the defendant interposed a motion for a non-suit, the plaintiff moved the court to open the case so that she might, the next morning, have the testimony of her son made a part of her affirmative defense. The court denied the motion and upon its action in so doing Mrs. Martin founded her allegation of error. And this court, in reviewing that case, said:

" Applications of this kind are addressed to the sound discretion of the trial court, and its decision will not be interfered with in this court unless the circumstances clearly show an abuse of such discretion. If the application in this case had been made before plaintiff rested, and a showing made as to the reason why the son was not there and that he would in all probability be there on the morning of the next day, it would probably have been the duty of the court to have continued the trial so as to give the plaintiff an opportunity to put him upon the stand. But when the plaintiff, having full knowledge as to the nature of the testimony which it was expected to elicit from the absent witness, rested her case without any suggestion to the court as to

the absence of such witness and the efforts which she had made to procure his attendance, and asked for relief only after the sufficiency of her testimony in chief to make out a *prima facie* case had been challenged by the motion for a non-suit interposed by the defendant, the case is brought within the rule which allows the trial court discretion in determining when the regular course of trial shall be departed from, and its ruling upon such question will not be disturbed here."

We make this citation simply for the purpose of showing the impracticability of the rule contended for by the respondent, for, from the very nature of a law suit, there are many things other than the naked proof in a case which influence the verdict and the judgment. So that so far as the question of damages on this branch of the case is concerned it must fail.

There is, however, in the complaint, a demand for $1.25, the toll paid for the message which was sent. It is the contention of the respondent that the provision in relation to the presentation of the claim within thirty days, which is a provision printed in fine type upon the top of the message blanks, was violated; but as this is a matter which was not raised by the pleadings, even if it would be construed as a binding contract, and as testimony further shows that the company defended on other grounds, we do not think that this objection is meritorious. The message was delivered to the accredited agents of the appellant in its office in Tacoma, and was transmitted by them to its office in Seattle. It is addressed to W. Martin, and, as nearly as can be deciphered, in care of Lester Posten. There is some little conflict in the testimony between the telephone girl and the attorney who sent the message as to what the address of the witness was, and as to the Vestra Posten being a Swedish newspaper published in Seattle. It however appears that the officers of the telephone company at Seattle delivered

the message to the Washington Posten without making any inquiry as to whether W. Martin was there or not. It appears, however, that there was such a newspaper published in Seattle as the Vestra Posten, and that it was the only Swedish newspaper published there, and the directory shows the location of this paper within two blocks of the telephone office, and also shows the name of W. Martin as connected with said Posten; so that it seems to us that by ordinary care the witness might have been found and the message delivered to him; and the contents of the message showed that it was important that it should be delivered at once.

Without specially reviewing the authorities on this proposition, we are satisfied that the company was negligent in not delivering this message and that the respondent is entitled to the amount paid for the message, which was not delivered, or which was not delivered in time, for it was actually delivered some two days after its reception in Tacoma. The errors which the appellant discussed in its brief are none of them errors which would invalidate the judgment for this item.

The judgment will therefore be reversed and remanded with instructions to enter judgment for the respondent for the sum of $1.25. Appellant will recover the costs of this appeal.

SCOTT, C. J., and GORDON and REAVIS, JJ., concur.